Antoine **JOHNSON**, Petitioner—Appellant,

v.

**R.A. CASTRO**, Respondent—Appellee.

No. 03–16709.

D.C. No. CV–00–02995–CW.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2004.*

Decided July 12, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

John Paul Reichmuth, Esq., Federal Public Defender's Office, Oakland, CA, for Petitioner–Appellant.

Christina V. Kuo, Esq., Christina Vom Saal, Esq., Office of the Attorney General, San Francisco, CA, for Respondent–Appellee.

Before HUG, CANBY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Petitioner Antoine Johnson pleaded no contest to attempted, premeditated, deliberate murder. Pursuant to the plea agreement, Johnson was sentenced to life in prison with the possibility of parole. Johnson claims that his trial counsel told him that he would serve only seven years of his life sentence and that, based on this information, Johnson accepted the plea agreement. In fact, Johnson was only *eligible* for parole in seven years. Johnson claims that, had he known he would only become eligible for parole in seven years, he would not have accepted the plea agreement and would not have pleaded no contest.

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For guilty-plea cases, the *Strickland* test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, ... the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

The California Court of Appeal considered the issue of ineffective assistance of counsel as it pertained to the advice on parole. That court noted that in the plea hearing the defense counsel, at the request of the court, explained to Johnson, on the record, the effect of the plea agreement. The Court of Appeal noted the statements of counsel and Johnson's responses as they pertained to parole.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Defense counsel explained, "At some point you would become eligible for parole, and if paroled, you could be—remain on parole—I think is that for life on a life sentence? In any event, you could remain on parole, possibly for the rest of your life, do you understand that?" Johnson then asked, "What? When am I eligible for parole?" Defense counsel responded, "You're eligible in seven years, do you understand that?" Johnson replied, "Yes."

The Court of Appeal stated "The record thus reflects that appellant was advised that he was agreeing to a life term with the possibility of parole and that he was not eligible for parole until after serving seven years. The record does not support appellant's assertion that he would serve only seven years." The court then stated "Appellant has failed to demonstrate ineffective assistance of counsel."

The word eligible is a common word and Johnson, in the plea colloquy, stated that he understood the attorney's statement about eligibility for parole. There is, thus, no need for the district court to conduct an evidentiary hearing as to Johnson's understanding of the term.

Because we review this case under the standard required for habeas corpus petitions provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we could not reverse the district court's denial of Johnson's petition unless the state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d); *see also Bartlett v. Alameida*, 366 F.3d 1020, 1023 (9th Cir.2004). We hold that the state court did not unreasonably apply clearly established federal law or make an unreasonable determination of the facts.

Therefore, the district court's denial of Johnson's petition is AFFIRMED.